Theodore T. Baylor, for appellants.

Frank W. Arnold (Frederick C. Gladden, on the brief), for respondents.

GAYNOR, J.  The learned trial judge did not err in excluding the evidence of experts as to what the cost of such a building would be. The actual cost could be proved, and therefore the case was not one for the opinion, calculation or estimate of experts.  No case is cited to the contrary.  Nor was the statement of one of the plaintiffs before the plans and specifications were drawn, of the amount the building would or was to cost, evidence of the actual cost; it was only an estimate or opinion.  The same is true of the statement as to cost in the plans and specifications filed with the building department.  There being no evidence of the actual cost, the case called for a nonsuit.

But the plaintiffs now claim that at all events they were entitled to recover some small items amounting to about $233, whereas the action is for $3,298.97.  The claim is very obscure, to say the least.  But it suffices that it was not made below.  On the contrary, in opposing the motion for a nonsuit, counsel for the defendants claimed the right to go to the jury on the evidence of the cost of the building only.  If, apart from that, he claimed that the evidence established a right to recover some other item, he should have pointed it out.

The judgment should be affirmed.

Judgment affirmed, with costs.  All concur.

---

CRISSMAN v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department.  December 23, 1907.)

1. MASTER AND SERVANT—INJURY TO SERVANT—EVIDENCE.
    In an action against a railroad company for death of an engineer, evidence *held* to sustain verdict for plaintiff.

2. TRIAL—MOTION TO DIRECT VERDICT.
    A motion to direct a verdict on specified enumerated grounds excludes all grounds not enumerated.

Appeal from Trial Term, Orange County.

Action by Caroline Crissman, executrix of Henry Crissman, against the Erie Railroad Company.  Judgment for plaintiff, and defendant appeals.  Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

John B. Stanchfield, for appellant.

Thomas Watts, for respondent.

GAYNOR, J.  There is no reason to interfere with this judgment. The deceased was a locomotive engineer.  His engine left the track near the Bergen tunnel in New Jersey, toppled over on and killed him. He was 59 years old and left a widow and a son 30 years old.  The verdict was for $10,500.  The defendant had been repairing and re-

laying a section of the track. There is evidence to show that the ties and rails were put down on loose material, and that the heavy engine caused the track to move, and to sink on one side. The defendant's main contention was that the engine left the track just before it reached the place where the repairs had been done. The judge submitted this to the jury, and also took away from them any question of the sufficiency of the material, leaving to them only the question of whether the work had been properly done and the track made safe. The verdict is not against the weight of evidence.

The complaint alleges the New Jersey statute similar to ours which allows actions like this, but although this was put in issue by the answer there was no proof of it, the judge took no note of it in his charge, but instructed as though the action were under the New York statute, and there was no reference to the matter by any one during the trial. The defendant now asks for a reversal on the ground that the plaintiff did not make out a case for lack of such proof, and that therefore its motion at the close to direct a verdict was erroneously denied. But when we look at the record we find that the motion was put on specific enumerated grounds, thereby excluding all grounds not enumerated, and the one in question was not.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.